IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Roscoe Lewis Holloway<br>Plaintiff<br><br>VS<br><br>Jeff Fuller - Sheriff, et..al<br>Defendants | RECEIVED<br><br>2006 MAR 20 A 10: 31<br><br>Case No. 3:06-CV-119-WKW<br>(WO) |

### PLAINTIFF'S OBJECTION TO MAGISTRATE SUSAN RUSS WALKER'S FEBRUARY 15th, 2006 RECOMMENDATIONS

Comes now Roscoe Lewis Holloway the Plaintiff in the above styled cause by and through the assistance of another inmate and hereby, pursuant to the Due Process Clause of the Fifth Amendment and 28 U.S.C. § 636 et.. seq of the United States Code, files a written objection to Magistrate Susan Russ Walker's Recommendation dated February 15th, 2006, and as grounds, shows as follows:

1. On February 15th, 2006 United States Magistrate Susan Russ Walker issued a Recommendation in this Plaintiff's case recommending that the Plaintiff's complaint be dismissed as moot and that this case be dismissed prior to service of process.

2. The Plaintiff filed a motion for enlargement of time to file his objection to the Magistrate's Recommendation and on March 8th, 2006 Magistrate Walker granted the Plaintiff an enlargement of time to and including March 17th, 2006 to file his objections.

1

3. The Plaintiff avers that when he prepared and filed his complaint, he did so pro se without the assistance of an attorney and without the assistance of another inmate who has knowledge in the field of law. This Plaintiff has no skill or training whatsoever in the field of law and knows absolutely nothing about the tactics of law.

4. The Plaintiff filed his complaint based upon the totality of the terrible conditions of the Randolph County Jail, to-wit:

(A) The jail is old and has old lead paint peeling off the dayroom and cells.

(B) Inadequate ventilation in the jail.

(C) Eight (8) commodes not working in the jail.

(D) No lights in the cells in the jail.

(E) No outside recreation at the jail.

(F) No law library available.

(G) No buzzer in the cells to call jailers for help.

(H) Vermin and spiders present in the jail.

(I) Young, old, sentenced, unsentenced, and mentally ill prisoners housed together in jail cells

(J) No disciplinary or grievance forms or procedure available at the jail.

(K) No training for jailers.

(L) No hygiene products, sheets or matress covers available at the jail.

(M) Open electrical boxes.

(N) Inmates handling jail food for inmates, mothballs found in food, only two meals a day served to inmates with only

2

cont:
4.  
(N) a sandwich at lunch, the food was served cold to inmates, food was sat on top of carts and pushed all over the jail.

(O) Jail overcrowded. The jail was built to house 36 inmates and has approximately 80 inmates in the jail at all times with inmates having to sleep on the floors.

(P) Hall doors to plumbing [Pipe chase] are loose in cell-blocks A, B, C, and D. Inmates were going through the pipe-chase doors down to female prisoner's block to have sex with the female prisoners, and female prisoners would go through the pipe chase doors to the male cell block to have sex with male prisoners.

The Plaintiff alleged that the totality of the conditions of the Randolph County Jail violated his Eighth Amendment rights.

5. The Magistrate abused her discretion, failed to realize, and erred to reversal in dismissing this Plaintiff's complaint prior to service because the law is clear that:

(A) "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will therefore, be liberally construed," Tannenbaum V United States, 148 F.3d 1262, 1263 [11th Cir. 1998] and pro se complaints "however inartfully pleaded are to be held to less stringent standards than formal pleadings drafted by lawyers", Hughes V Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 LEd 2d 163 [1980], "They must be liberally construed." Id. 449 U.S. at 10. In the case of a pro se action... the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. Powell V Lennon, 914 F.2d 1459, 1463 [11th Cir. 1990].

cont/

5. The Magistrate clearly and undisputably failed to liberally construe this Plaintiff's pro se complaint.

(B) The United States Supreme Court in <u>Haines V Kerner</u>, 404 U.S. 519, 520-521, 30 LEd 2d 652, 92 S.Ct. 594 [1972] held that "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

In this Plaintiff's case the Magistrate's error is obvious because this Plaintiff's complaint based upon conditions of the Randolph County Jail virtually mirror the conditions of the Choctaw County, Alabama Jail as described in <u>Nicholson V Choctaw County, Alabama</u>, 498 F.Supp. 295 [S.D. Ala. 1980] wherein the Court held that the totality of conditions in the Choctaw County jail violated the inmates right to be free of cruel and unusual punishment as guaranteed by the Eighth Amendment, and pretrial detainees due process right not to be punished as guaranteed by the Fourteenth Amendment. Furthermore, the Magistrate failed to recognize that the Courts have held that "prisoners are entitled to be free of conditions which constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The context of the Eighth Amendment is not static, but 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society. <u>Trop V Dulles</u>, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 LEd 2d 630 [1958]; <u>Pugh V Locke</u>, 406 F.Supp. 318, 329 [M.D. Ala. 1976] and the conditions of the Randolph County Jail most definately do not comport with standards of decency that mark the progress of a maturing society.

4

6. The basis of the Magistrate's Recommendation appears to be that this "Plaintiff is no longer incarcerated at the Randolph County Jail. He has since been transferred to another correctional facility within the Alabama Department of Corrections. Based on Plaintiff's complaint and the specific relief sought, the undersigned concludes that this action is due to be dismissed a moot." Such a position and recommendation by the Magistrate is clearly erroneous and contrary to law, whereas;

(A) This pro se Plaintiff specifically requested as relief in his complaint that:

> He was filing this 1983 suit on behalf of past, present and future inmates so that they don't have to live like he did for 5 months. He wants the Court to set this jail [Randolph County Jail] free of Eighth Amendment violations.

The Magistrate clearly and erroneously failed to liberally construe this pro se Plaintiff's complaint as mandated by the Supreme Court in Hughes v Rowe, 449 U.S. at 9-10 and Haines v Kerner, 404 U.S. at 520-21 because the Plaintiff is clearly requesting injunctive relief to cure the unconstitutional conditions of the Randolph County Jail.

Further, this Plaintiff is not requesting this Court to render an advisory opinion as the Magistrate asserts in page #2 of her Recommendation.

Also, the Magistrate failed to recognize that the Supreme Court in Olmstead v L.C. ex rel Zimring, 527 U.S. 581, 144 L Ed 2d 540, 119 S.Ct. 2176 [1999], on remand, 198 F.3d 1259 [11th Cir. 1999] held that "in view of multiple institutional placements the individuals had

5

cont;

6. received, controversy was capable of repetition, yet evading review, thus the case is not moot.

(B) The Magistrate relied upon the Fourth Circuit Court of Appeals case of <u>Williams V Griffin</u>, 952 F.2d 820 [4th Cir. 1991] for the proposition that this Plaintiff's claims/issues are moot because this Plaintiff was transferred from the Randolph County Jail. The Magistrate failed to realize that the <u>ONLY</u> reason the Williams' Court held Williams' claims for injunctive and declaratory relief were rendered moot by his transfer was because he was unlikely to return to the Hoke Correctional Institution, the Institution where the violations occurred and were present.

Here, unlike in <u>Williams</u>, this Plaintiff can be returned to the Randolph County Jail at any given time for postconviction hearings, and because the Plaintiff lives in Randolph County, if the Plaintiff is released from prison on parole, he is subject at any given time on a whim of his parole officer to be arrested and incarcerated in the Randolph County jail and be subjected to the same horrible and unconstitutional conditions complained of within his complaint because such conditions have existed for years at the Randolph County Jail and no one has ever done anything to remedy the unconstitutional conditions.

Further, the Magistrate also failed to realize that since she has assumed the role of acting defense counsel for the defendants in this case as well magistrate, she "carries a heavy burden when she argues or asserts that the Plaintiff's claims are moot". See <u>Edwards V Illinois Bd of Admissions To Bar</u>, 261 F.3d 723, 728 [7th cir. 2001], a

6

cont:

6. burden of which she has totally failed to carry because the Defense Counsel / Magistrate failed to assert or allege that the Plaintiff will not be returned to the Randolph County Jail and be subjected to the same horrible unconstitutional conditions, or that some totally unbelievable changes have occurred at the Randolph County Jail to remedy the horrible conditions in existance.

Just as the Courts have recognized that a defendant can not moot a claim simply by voluntarily ceasing behavior when it is free to resume that behavior at any time, Edwards, 261 F.3d at 725, neither can the defendants in this case moot this Plaintiff's claims by transferring him to another Correctional Facility to avoid liability and then at any given time be transferred right back to the Randolph County Jail and be subjected to the same horrible unconstitutional conditions which were the basis for the claims in the very beginning.

(C) The Magistrate is recommending that this Plaintiff's case be dismissed without informing this Plaintiff that he could amend his complaint or ordering the Plaintiff to amend his complaint to cure any deficencies which may exist. The Eleventh Circuit Court of Appeals in Thomas v Town of Davie, 847 F.2d 771, 773 [11th Cir. 1988] the court reversed and remanded the dismissal of Thomas' 42 U.S.C. § 1983 pro se complaint holding that ... "A complaint should not be dismissed unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In addition, a district court's discretion to dismiss a complaint without leave to amend is severly restricted by Fed. R. Civ. P. 15 (a), which directs that

7

leave to amend 'shall be freely given when justice so requires.' Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. The same standards apply when a plaintiff seeks to amend after a judgement of dismissal has been entered by asking the District Court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e)." [Citations Omitted].

7. Based upon the foregoing, justice and fundamental fairness, as well as the Due Process Clause of the Fifth Amendment requires that this Court grant to this unskilled and uneducated pro se Plaintiff the relief requested herein. The phrase "Due Process of Law", although incapable of a precise defination, in its most basic sense encompasses the observation of that degree of fundamental fairness that is essential to our concept of justice.

Wherefore, all facts and circumstances considered, the Plaintiff prays that the presiding judge in this case will reject Magistrate Walker's Recommendation dated 2/15/2006 and send this case back to the Magistrate with Instructions for the Magistrate to grant this Plaintiff leave to amend his complaint and allow the Plaintiff a reasonable amount of time in which to amend his complaint,

Done this the 16th day of March, 2006

Respectfully submitted,
Roscoe Holloway #154358
Roscoe Lewis Holloway
Plaintiff Pro Se
AIS # 154358 - Dorm #8
LCF - 28779 Nick Davis Road
Harvest, Alabama
    35749-7009

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 16th day of March, 2006 served a copy of the foregoing objection to Magistrate Walker's 2/15/2006 Recommendation upon:

> The Clerk of the U.S. District Court
> For the Middle District of Alabama
> P.O. Box 711
> Montgomery, Alabama 36101-0711

and, only upon the Clerk of said court because the Plaintiff's complaint was dismissed prior to service by placing copies of the same in the U.S. Mail properly addressed postage prepaid at the Limestone Correctional Facility in Harvest, Alabama.

Respectfully Submitted,

Roscoe Holloway #154358
Roscoe Lewis Holloway
Plaintiff Pro Se
AIS # 154358 - Dorm #8
LCF- 28779 Nick Davis Road
Harvest, Alabama 35749-7009

10