IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Roscoe Lewis Holloway<br>Plaintiff<br><br>vs<br><br>Jeff Fuller - Sheriff, et...al<br>Defendants | RECEIVED<br>2006 MAY -8 A 9:41<br>DEBRA P. HACKETT, CLK<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA<br><br>Case No. 3:06-CV-119-WKW |

PLAINTIFF'S MOTION FOR THE COURT TO VACATE AND SET ASIDE IT'S APRIL 6th, 2006 COURT ORDER/JUDGEMENT

Comes now Roscoe Lewis Holloway the Plaintiff in the above styled cause by and through the assistance of another inmate and hereby, pursuant to Rule 59(e) Fed. R. Civ. P., moves this court for an order vacating, setting aside and holding for naught its April 6th, 2006 court order/Judgement, and as grounds, shows as follows:

1. The Plaintiff, unskilled and unlearned in law filed a pro se 42 U.S.C. § 1983 complaint in this court. On 2/15/06 Magistrate Susan Russ Walker issued a recommendation in this case recommending that the Plaintiff's case be dismissed as moot and that his case be dismissed prior to service.

2. On the 16th day of March, 2006, after being granted an enlargement of time, the Plaintiff mailed an objection

1.

cont:

2. to this court, objecting to Magistrate Walker's recommendation.

3. On April 6th, 2006, the Honorable W. Keith Watkins, United States District Judge issued an order/judgement, ruling;
   (A) "The Plaintiff's objection is overruled,
   (B) The recommendation of the Magistrate Judge is adopted,
   (C) The Plaintiff's complaint is DISMISSED with prejudice as moot,
   An appropriate judgement will be entered."

4. The Plaintiff avers and argues that the order/judgement of Judge Watkins is erroneous, contrary to the facts and controlling law, and constitutes an abuse of discretion in view of the following facts, to-wit;

   (A) The Magistrate's recommendation which was adopted by Judge Watkins and the basis upon which this Plaintiff's case was dismissed was because the Plaintiff was transferred from the Randolph County Jail. The Magistrate and Judge Watkins failed to recognize the fact that this Plaintiff could be sent back to the Randolph County Jail at any time and be subjected to the same unconstitutional conditions complained of in his 42 U.S.C. § 1983 complaint. This Plaintiff has a Rule 32 petition pending in the Randolph County Circuit Court challenging his illegal sentence, and can, and will most likely return to the Randolph County Jail at any time and be subjected to the same unconstitutional conditions complained of in his 42 U.S.C. § 1983 complaint which was

2

cont:

4. (A) erroneously dismissed by this court with prejudice on April 6th, 2006.

(B) The supreme court in <u>Olmstead v L.C. ex rel Zimring</u>, 527 U.S. 581, 144 LEd 2d 540, 119 S.Ct. 2176 [1999], on remand, 198 F.3d 1259 [11th Cir. 1999] held that a case/issue/claim is not moot simply by placement of an individual in a different institution because the controversy is capable of repetition. That is certainly the situation of this Plaintiff, especially in view of the fact that he now has a Rule 32 postconviction petition pending in the Randolph county circuit court and thus is subject to be brought back to the Randolph county circuit court at any given time.

(C) In <u>Edwards v Illinois, Bd. of Admissions To Bar</u>, 261 F.3d 723, 728 [7th Cir. 2001] the Seventh Circuit Court of Appeals recognized that a defendant, nor the court can moot a claim simply by voluntarily ceasing behavior when it is free to resume that behavior at any time, like as in this Plaintiff's case.

(D) This Plaintiff is unskilled and unlearned in the field of law, and is proceeding pro se in this case, and the court never directed this Plaintiff to amend his complaint to cure any deficiencies which existed in his complaint, nor has the Plaintiff ever amended his 42 U.S.C. § 1983 complaint.

5. The Plaintiff is submitting herewith an amended 42 U.S.C. § 1983 complaint to cure the deficiencies that existed in

3

cont;

5. his initial complaint and is requesting in part of the relief herein that he be granted leave to amend his 42 U.S.C. § 1983 complaint.

6. The Eleventh Circuit Court of Appeals in Thomas v Town of Davie, 847 F.2d 771, 773 [11th Cir. 1988] reversed and remanded the dismissal of Thomas' 42 U.S.C. § 1983 pro se complaint in a situation strikingly similar to the situation in this Plaintiff's case. The Eleventh Circuit made it clear in their holding in Thomas that... "A complaint should not be dismissed unless it appears beyond doubt that the complainant can prove no set of facts in support of his claim which would entitle him to relief. In addition, a District Court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed. R. Cv. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires'. Unless there is substantial reason to deny leave to amend, the discretion of the District Court is not broad enough to permit denial. The same standards apply when a Plaintiff seeks to amend after a judgement of dismissal has been entered by asking the District Court to vacate its order of dismissal pursuant to Fed. R. Cv. P. 59(e)". [Citations omitted].

7. The Plaintiff, under the authority of Hughes v Rowe, 449 U.S. 5, 9-10 [1980]; Haines v Kerner, 404 U.S. 519, 520-21 [1972] and Thomas v Town of Davie hereby moves this Court, pursuant to Rule 59(e) to vacate and set aside its April 6th, 2006 order/judgement, and pursuant to Rule 15, grant the Plaintiff leave to file the amended

4

cont:

7. 42 U.S.C. § 1983 civil action complaint submitted herewith.

## RELIEF REQUESTED

Wherefore, all facts and circumstances considered, the Plaintiff prays that this court will issue orders:

1. Vacating, setting aside, and holding for naught its April 6th, 2006 order/judgement dismissing the Plaintiff's complaint with prejudice, and;

2. Granting the Plaintiff leave to file the amended 42 U.S.C. § 1983 complaint submitted herewith.

Done this the 3rd day of May, 2006:

Respectfully submitted,

Roscoe Holloway

Roscoe Lewis Holloway
Plaintiff Pro Se
AIS # 154358 - Dorm # 8
LCF - 28779 Nick Davis Road
Harvest, Alabama.
35749-7009

5

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 3rd day of May, 2006 served a copy of the foregoing motion to vacate and set aside the court's 4/06/06 order/judgement upon:

> The Clerk of the U.S. District Court
> For The Middle District of Alabama
> P.O. Box 711
> Montgomery, Alabama 36101-0711

by placing copies of the same in the U.S. mail properly addressed postage prepaid at the Limestone Correctional Facility in Harvest, Alabama.

Respectfully submitted,

*Roscoe Holloway*

Roscoe Lewis Holloway, Plaintiff
AIS # 154358 - Dorm # 8
LCF - 28779 Nick Davis Road
Harvest, Alabama
    35749-7009.